UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCHEIBE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LIVWELL PRODUCTS, LLC d/b/a Adapted Nutrition, *a Maryland limited liability company*,<br><br>Defendant. | Case No. 23-cv-216-MMA (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 3] |

On February 6, 2023, Jacob Scheibe ("Plaintiff"), on behalf of himself and all others similarly situated, filed a putative class action Complaint against Defendant Livwell Products, LLC d/b/a Adapted Nutrition ("Defendant"). Doc. No. 1 ("Compl."). On March 6, 2023, Defendant filed a motion to dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 3. Plaintiff filed an opposition, Doc. No. 5, to which Defendant replied, Doc. No. 6. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 7. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

# I. BACKGROUND[1]

Defendant sells and manufactures a dietary supplement called Keto K1000 powder, which comes in a variety of flavors (the "Products").[2] Compl. ¶ 20. Plaintiff purchased the Products in October 2022 from Amazon.com while domiciled in San Diego, California. *Id.* ¶¶ 1, 18. Plaintiff alleges that Defendant's "labelling claims are false" because the front labels state that the Products contain "nothing artificial" or that they contain "clean ingredients" while they actually contain "DL malic acid, a synthetic substance derived from petrochemicals." *Id.* ¶¶ 22–24, 26. Further, Plaintiff claims that using the term "malic acid" instead of "DL malic acid" is in violation of federal and state law. *Id.* ¶¶ 34–42.

Plaintiff bought Defendant's Products in support of his personal fitness goals and "he prefers to consume only products that contain all-natural ingredients and flavorings." *Id.* ¶¶ 18, 19. While the Products list "malic acid" on the back labels, Plaintiff alleges that "independent third-party laboratory testing" has revealed that the Products actually use DL malic acid. *Id.* ¶¶ 25, 26. Plaintiff further alleges that "the ingredients on the Products' labels are declared in a way that is misleading and contrary to law, because Defendant designates the flavoring ingredients by the generic name, 'malic acid,' instead of by the specific name, 'DL malic acid.'" *Id.* ¶ 33. According to Plaintiff, consumers such as Plaintiff would not have purchased Defendant's Products, or would have paid a substantially reduced price, if they had known the truth. *Id.* ¶ 51 at 10.[3] Plaintiff further alleges that he "may wish to rely on Defendant's label representations and purchase the

---

[1] Reviewing Defendant's motion to dismiss, the Court accepts as true all facts alleged in the Complaint and construes them in the light most favorable to Plaintiff. *See Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017).

[2] Specifically, Plaintiff alleges that Defendant's Products come in five flavors, but only lists four: watermelon, orange, lemonade, and raspberry lemon. Plaintiff further alleges he purchased each of these flavors. Compl. ¶¶ 18, 21.

[3] Plaintiff's Complaint contains multiple misnumbered paragraphs. All citations to duplicate paragraph numbers will refer to the page on which the cited paragraph appears.

Products in the future, but cannot currently do so." *Id.* ¶ 70 at 14.

Plaintiff asserts the following eight causes of action: (Count 1) violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code Com. Law § 13-101 *et seq.*, on behalf of a nationwide class; (Counts 2–4) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, on behalf of a California class; (Count 5) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, on behalf of a California class; (Count 6) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, on behalf of a California class; (Count 7) unjust enrichment, on behalf of a nationwide class; and (Count 8) breach of express warranty, on behalf of a nationwide class. *Id.* ¶¶ 49 at 14–70 at 22.

## II. Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Additionally, allegations of fraud or mistake require the pleading party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The context surrounding the fraud must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." *Kearns*, 567 F.3d at 1124 (internal quotation marks omitted) (first quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); and then quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other grounds*).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

### III. Discussion

Plaintiff brings six causes of action against Defendant under California and Maryland law, as well as two additional common law claims of unjust enrichment and breach of express warranty. *See generally* Compl. Defendant seeks to dismiss all claims. *See* Doc. No. 3.

All of Plaintiff's claims are based on two theories of liability. First, Plaintiff claims the Products were mislabeled because the packaging represented that the Products contained "nothing artificial"[4] even though they allegedly contained an artificial flavoring agent. Compl. ¶ 32. Second, Plaintiff claims that Defendant is required by federal and state law to list malic acid in the ingredient list by its specific name, rather than by its generic name. *Id*. ¶ 33. Plaintiff contends that failure to do so is a violation of the Federal Food, Drug, and Cosmetic Act ("FDCA") requirement that the label accurately describe the contents of the Products, and also that "California's Sherman Food Drug, and Cosmetic Law, Cal. Health & Safety Code § 109875, *et seq*. incorporates all food flavoring and additive regulations of the FDCA." *Id*. ¶¶ 34–42.

Defendant argues that Plaintiff's Complaint should be dismissed in its entirety.[5] *See generally* Doc. No. 3-1. The Court addresses each argument in turn.

**A.    Preemption**

Defendant argues that using the term "malic acid" on its ingredients list is in accordance with federal law, and as such, that Plaintiff's claims based upon this theory are preempted. *Id*. at 7–8. Plaintiff contends that this claim is not preempted, relying on

---

[4] It appears that the Products Plaintiff purchased contained the "nothing artificial" label, and not "clean ingredients." Plaintiff claims that "since receiving Plaintiff's demand letter, [Defendant] has changed the . . . Products to state that they contain 'Clean Ingredients.'" Compl. ¶ 23. While "clean ingredients" would seem to be functionally the same as "nothing artificial," because it is unclear if Plaintiff purchased the Products after the labelling change the Court only considers the "nothing artificial" label.

[5] Defendant purportedly contests all claims. Doc. No. 3 at 2. However, Defendant does not substantively address Plaintiff's breach of express warranty claim in its analysis. *See* Doc. No. 3-1 at 14. As such, the Court will not analyze whether Plaintiff has stated a claim for breach of express warranty.

the reasoning in *Allred v. Frito-Lay N. Am., Inc.*, No. 17-CV-1345 JLS (BGS), 2018 WL 1185227 (S.D. Cal. Mar. 7, 2018). *See* Doc. No. 5 at 8–9.

Several courts have addressed this question, and the weight of the authority holds that Defendant's position prevails. *See, e.g.*, *Scheibe v. Performance Enhancing Supplements, LLC*, No. 3:23-CV-00219-H-DDL, 2023 WL 3829694, at *5–6 (S.D. Cal. June 5, 2023) (agreeing with "the reasoning of the majority of Courts that the malic acid theory is preempted"); *Gross v. Vilore Foods Co., Inc.*, No. 20-cv-0894-DMS, 2020 WL 6319131, at *3 (S.D. Cal. Oct. 28, 2020) (finding plaintiff's claims on the malic acid theory preempted); *Hilsley v. Gen. Mills, Inc.*, 376 F. Supp. 3d 1043, 1048–49 (S.D. Cal. 2019) (same); *Branca v. Bai Brands, LLC*, No. 18-cv-00757-BEN, 2019 WL 1082562, at *5–6 (S.D. Cal. Mar. 7, 2019) (same); *Morris v. Mott's LLP*, No. 18-cv-1799-AJG, 2019 WL 948750, at *4–5 (C.D. Cal. Feb. 26, 2019) (same); *Sims v. Campbell Soup Co.*, No. 18-cv-668-PSG, 2018 WL 7568640, at *7–8 (C.D. Cal. Sept. 24, 2018) (same); *but see Allred*, 2018 WL 1185227, at *3 (finding it "plausible that DL-malic acid and L-malic acid are specific names of the (collective, common) name malic acid").

The Court agrees with the majority of courts and finds that to the extent Plaintiff's claims are based on the malic acid naming convention theory, they are preempted. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims on this basis.

**B.    Rule 9(b) Fraud and Reliance**

All eight of Plaintiff's claims stem from the central allegation that Defendant engaged in deceptive practices through misleading labels on the Products, and as such the Court finds that all eight claims sound in fraud and are subject to Rule 9(b)[6] scrutiny. Fed. R. Civ. P. 9(b) (allegations of fraud or mistake require the pleading party to "state with particularity the circumstances constituting fraud or mistake."). In addition to

---

[6] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

analyzing the sufficiency of the Complaint in the Rule 9(b) context, the Court also addresses Defendant's argument that Plaintiff has not adequately alleged that his reliance resulted in harm. *See* Doc. No. 3-1.

  1. *Rule 9(b)*

  The Court first turns to whether Plaintiff has met the particularity requirement of Rule 9(b). To do so, the Court examines the Complaint to determine whether Plaintiff pleads "'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quoting *Vess*, 317 F.3d at 1106). The "who" and "what" of Plaintiff's allegations are clear. Plaintiff alleges that Defendant labelled the Products as containing "nothing artificial," as displayed in the pictures in the Complaint. Compl. ¶¶ 20–24. The "when" of the allegations is slightly murkier, but uncontested. Plaintiff alleges a specific purchase date of October 18, 2022, and defines specific time periods for similarly affected consumers to be eligible to join the respective putative classes.[7] *Id.* ¶¶ 18, 55 at 10. As such, the Court finds that the Complaint puts Defendant on sufficient notice regarding the alleged time period of the deceptive activity such that the intent of Rule 9(b) is satisfied with respect to "when." *See Kearns*, 567 F.3d at 1125 (noting that one of the purposes of Rule 9(b) is to provide defendants with adequate notice to allow them to defend the charge).

  The question of "where" is less apparent from a reading of the Complaint on its face. On the surface, Plaintiff appears to allege that his harms occurred in California, Maryland, and nationwide. *See* Compl. Elsewhere however, Plaintiff specifically alleges that "Plaintiff's losses and those of other class members were sustained in this district." *Id.* ¶ 12. The propriety of Plaintiff's out-of-state claims will be discussed below, but for the purpose of analysis under Rule 9(b), the Court finds the "where" to be sufficiently pleaded.

---

[7] The prospective classes are limited to consumers having purchased the Products within four years of the filing of the Complaint for both the Nationwide and California putative classes. Compl. ¶ 55 at 10.

Finally, Plaintiff sufficiently alleges the "how" in that Defendant has misled Plaintiff by falsely labelling the Products with the words "nothing artificial" even though they contain the artificial ingredient DL malic acid. *Id.* ¶¶ 24, 34–46. While Plaintiff does not assert specifically which flavors were tested by "an independent third-party laboratory [that] confirmed that the malic acid that Defendant uses in these Products is DL malic acid," Plaintiff has defined the Products as "[Defendant's] Keto K1000 powders." *Id.* ¶ 26. Further, Plaintiff claims that "the Products differ only in flavoring; the base formulation for each flavor is the same." *Id.* ¶ 21. Finally, Plaintiff claims that "[Defendant] also sells an unflavored version of the Products that does not contain malic acid," supplementing the implication that Plaintiff's claims apply to each of the flavored Products. *See id.* ¶ 31. Therefore, despite the sparse details of the alleged laboratory testing, Defendant has sufficient notice as to which Products Plaintiff alleges to be misleadingly labelled.

Accordingly, the Court finds that Plaintiff has adequately pleaded the "who, what, when, where, and how" of the alleged deception. Therefore, because Plaintiff has satisfied Rule 9(b)'s particularity requirements, the Court **DENIES** Defendant's motion on this basis.

   2.   Reliance

Several courts including the Supreme Court of California have held that claims under California consumer protection laws require a showing of reliance in order to be sufficiently alleged. *See, e.g.*, *Kwikset Corp. v. Superior Ct.*, 120 Cal. Rptr. 3d 741, 754 (Cal. 2011) (quoting *In re Tobacco II Cases*, 46 Cal. Rptr. 3rd 559, 565 (2009)) (holding that a plaintiff "proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements"); *see also Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1135 (S.D. Cal. 2021) (noting that a plaintiff alleging claims under the CLRA, FAL, or UCL, must allege actual reliance). Defendant argues that Plaintiff has not adequately pleaded reliance, such that he "fails to state any claim." Doc. No. 3-1 at 6. Specifically,

Defendant argues that the "Complaint is devoid of any specific factual allegations that [Plaintiff] looked for any specific information on Livwell's Product labels before making his purchase, or that he based his purchase decision on the presence or absence of any such information." *Id.* at 5. Defendant further argues that Plaintiff does not allege that he relied on the name "malic acid" when making his purchase. *Id.* at 6. Instead, according to Defendant, Plaintiff makes "vague, general allegations" about relying on "Defendant's statements" but does not "particularly identify[] what statements he read and supposedly relied on." *Id.*

As Plaintiff correctly notes in opposition, courts are obliged to "read[] the complaint as a whole . . . rather than isolating allegations and taking them out of context." Doc. No. 6 at 6 (quoting *Maine St. Retire. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162–63 (C.D. Cal. 2010) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)). Defendant seems to conflate Plaintiff's alleged reliance on the representation on the front of the Products with Plaintiff's claim that using the words 'malic acid' as a generic term is a violation of federal and California law. *See* Doc. No. 3-1 at 6. The statement that Plaintiff alleges to have relied upon is "nothing artificial," not the ingredient list or the words "malic acid" specifically. *See* Compl. Plaintiff contends that there is a growing desire for all-natural products "across the globe" and that many consumers are willing to pay elevated prices for such products. *Id.* ¶¶ 15–17. Plaintiff further alleges that he is one such customer, that he "carefully reviews dietary supplement labels," and that he did so when purchasing the Products. *Id.* ¶¶ 18–19, 50 at 10. The Complaint depicts several Products prominently displaying the words "nothing artificial." *Id.* ¶¶ 22–24. Plaintiff asserts that "he reviewed the label on the Products prior to his purchase" and "reasonably understood [it] . . . to mean that the Products contained only natural flavorings." *Id.* ¶ 50 at 10. Finally, Plaintiff claims that he relied on the statement on the Products, such that he would not have purchased the Products had he known the truth or at the least would have only been willing to pay a reduced price, thereby creating a "causal nexus between Defendant's deceptive conduct

1  and Plaintiff's injury." *Id.* ¶¶ 50–54 at 10.

2  The Court therefore finds that when the Complaint is read as a whole, Plaintiff adequately pleads his reliance on the words "nothing artificial" in making his decision to purchase the Products. Accordingly, the Court **DENIES** Defendant's motion on this basis.

3. *Actual Harm*

Defendant also argues that Plaintiff does not actually allege that the specific Products he purchased contained DL malic acid, and therefore has alleged only a "possible or theoretical risk of harm." Doc. No. 3-1 at 6–7. Defendant relies on *Pels v. Keurig Dr. Pepper, Inc.*, No. 19-cv-03052-SI, 2019 WL 5813422 (N.D. Cal. Nov 7, 2019), noting that the case was dismissed "where plaintiff 'fail[ed] to plead the water *he* purchased contained violative arsenic levels.'" *Id.* Additionally, Defendant cites *Vavak v. Abbott Labs., Inc.*, No. SACV 10-1995 JVS (RZx), 2011 WL 13130493 (C.D. Cal. Mar. 7, 2011), where a UCL claim was dismissed because "plaintiff did not allege she purchased infant formula that 'actually contained beetles or beetle larvae.'" Doc. No. 3-1 at 7.

The Court finds the present case to be distinguishable from *Pels* and *Vavak*. In *Pels*, the issue was whether the plaintiff suffered injury from elevated levels of arsenic in bottled water such that he had Article III standing to sue. *Pels*, 2019 WL 5813422 at *2. The court found that the plaintiff did not have standing because he had not alleged that bottles he drank contained the elevated levels of arsenic, and as such the alleged harm was theoretical. *Id.* at *5. Here, Plaintiff alleges that the Products—which he purchased—contain an artificial ingredient, and that his reliance resulted in economic harm through the purchase of the Products, *see* Compl. ¶¶ 18, 26, 51 at 10, which is not a "theoretical risk of harm." *See* Doc. No. 3-1 at 6–7. In *Vavak* the defendant had previously issued a recall for baby formula that potentially contained beetles, and subsequently the plaintiff sued for false representation that the formula was safe for babies. *Vavak*, 2011 WL 13130493, at *1. The court found that the plaintiff had failed to

plead proximate cause of the alleged harm because she did not allege her child was specifically harmed by the questionable bottles. *Id.* at *6. The issue centered on the lack of pleading of proximate cause, in that the plaintiff had not established that using the baby formula led to her baby becoming ill, and as such the alleged injury was again theoretical. *Id.* Here, Plaintiff directly asserts the proximate cause: the alleged misrepresentation led to his actual economic injuries, which he would not have suffered had the labelling been truthful.

As such, the Court finds that Plaintiff has sufficiently pleaded reliance and actual harm. Therefore, the Court **DENIES** Defendant's motion to dismiss for failure to plead reliance and actual harm.

C. **Maryland Consumer Protection Act**

Plaintiff asserts a claim under the MCPA on behalf of a nationwide class. Compl. ¶¶ 66 at 21–70 at 22. Plaintiff broadly states that MCPA applies because the "sale of the Products to Plaintiff is a commercial transaction within the meaning of the . . . MCPA," and that Plaintiff's economic harm provides standing to sue under the MCPA. *Id.* ¶¶ 50 at 14, 52 at 14. The Court is unpersuaded. Plaintiff has not asserted any facts showing any connection with Maryland. *See id*. Presumably, Plaintiff makes this claim because Defendant is a limited liability company with its principal place of business in Maryland. *See id.* ¶ 2. However, as Defendant notes, Plaintiff is "an out-of-state consumer who does not reside in Maryland, and who did not purchase any products in Maryland." Doc. No. 3-1 at 12. Moreover, Plaintiff's pleading undermines his position: Plaintiff alleges that his "losses . . . were sustained in *this* district." Compl. ¶ 12 (emphasis added). As Plaintiff has not alleged any connection with Maryland, he cannot avail himself of the laws of Maryland.[8] *See Strickler v. Nat'l Broad. Co.*, 167 F. Supp. 68, 69 (S.D. Cal. 1958) (stating that it is settled law that an action in tort is governed by the law of the

---

[8] As has been discussed, Plaintiff does not allege his actual location when he purchased the Products. But at the very least, Plaintiff does not allege that he purchased the Products in Maryland. *See* Compl.

jurisdiction where the tort occurred); *see also Arno v. Club Med Inc.*, 22 F.3d 1464, 1468 (9th Cir. 1994) (holding that Louisiana law applied to a tort that occurred in Louisiana).

While the parties argue their respective positions, relying on statutes and cases that interpret Maryland law, *see* Doc. No. 3-1 at 13; Compl. at 13–15, interpretation and analysis of Maryland law is unnecessary as there is sufficient law on point within this Circuit. The weight of the authority indicates that the named plaintiff in a putative class action cannot represent a class under the laws of a state where the plaintiff did not personally suffer injury or otherwise have a connection. *See, e.g., Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-CV-03889-JD, 2018 WL 1116715, at *1 (N.D. Cal. Mar. 1, 2018) (reiterating that "district courts in our circuit have dismissed state law class claims for lack of standing before the class certification stage where no named plaintiff resides in or otherwise interacted with the state"); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) (finding that "the named Plaintiffs [did] not have standing to assert claims from states in which they [did] not reside or did not purchase their mobile device"). Therefore, Defendant is correct that Plaintiff has "failed to make a *prima facie* showing that he has any grounds to bring an individual claim under the MCPA, let alone claims on behalf of a nationwide class." *See* Doc. No. 3-1 at 13.

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss Plaintiff first claim for violation of the MCPA.

**D.    Unjust Enrichment**

Plaintiff pleads a claim of unjust enrichment on behalf of a nationwide class, asserting that consumers including Plaintiff benefited Defendant through paying elevated prices for Products that were not truly all natural as claimed. Compl. ¶¶ 58 at 20–65 at 21. However, Plaintiff has not identified any state law that he wishes to apply. "[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 U.S. Dist. LEXIS 15868, at *34 (N.D. Cal. Feb. 8, 2016); *see also In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. Mar. 5, 2018) (holding that in

order for the Court to determine whether the unjust enrichment claim has been adequately pled, Plaintiff must allege the applicable law); *Dell Inc. v. Sharp Corp. (In re TFT-LCD (Flat Panel) Antitrust Litig.)*, 781 F. Supp. 2d 955, 966 (N.D. Cal. Mar. 16, 2011) (agree[ing] with defendants that [plaintiff] must specify the state laws under which it is asserting claims for unjust enrichment). Therefore, Plaintiff's unjust enrichment claim is subject to dismissal for failure to identify a particular state law.

In Plaintiff's opposition papers, he appears to contend that he brings the unjust enrichment claim only on behalf of a California class, and therefore, presumably under California law. *Compare* Compl. ¶¶ 58 at 20–65 at 21 (identifying the unjust enrichment claim as a part of the nationwide class allegations), *with* Doc. No. 5 at 3–4 (including unjust enrichment as a California class claim, separate from the nationwide class claim). Defendant argues that "California does not recognize a separate cause of action for unjust enrichment. Doc. No. 3-1 at 12, (first citing *DeHavilland v. FX Networks, LLC*, 230 Cal. Rptr. 3d 625, 646 (Cal. Ct. App. 2018); and then citing *Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743, 829 (N.D. Cal. Jan. 14, 2022)). Defendant also relies on *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110 (N.D. Cal. 2020), in support of this position, noting that "[c]ourts have consistently dismissed stand-alone claims for unjust enrichment." Doc. No. 3-1 at 12–15. Plaintiff does not directly address this argument in his opposition to the motion, instead arguing that unjust enrichment and other equitable relief may be properly pleaded in the alternative. *See* Doc. No. 5.

There is a mix of authority on this issue. On the one hand, as Defendant notes, many courts, including the Ninth Circuit, have found that California does not recognize unjust enrichment as a stand-alone cause of action. *See, e.g.*, *Astiana v. Hain Celestial Grp., Inc*, 783 F.3d 753, 762 (9th Cir. 2015) (stating that "in California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'") (citations omitted); *Brodsky*, 445 F. Supp. 3d at 132–33 (noting that courts have consistently dismissed stand-alone claims for unjust enrichment); *see also Baiul-Farina v. Lemire*, 804 F. App'x 533, 537 (9th Cir. 2020) (quoting *McBride v. Boughton*,

20 Cal. Rptr. 3d 115, 121 (Cal. Ct. App. 2004)).  On the other hand, other courts have found that a claim of unjust enrichment can proceed as a quasi-contract claim.  For example, the Ninth Circuit has also stated that "an unjust enrichment claim can proceed as either 'a claim for relief as an independent cause of action or as a quasi-contract claim for restitution.'"  *Snopes Media Grp., Inc. v. Mikkelson*, No. 21-CV-1730-BAS-DEB, 2022 WL 1343106, at *5 (S.D. Cal. May 3, 2022) (quoting *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016)).

Plaintiff's claim of unjust enrichment clearly cannot proceed as a putative nationwide class claim, and Plaintiff must properly identify the applicable state law.  Therefore, the Court **GRANTS** Defendant's motion to that extent.  However, due to the lack of uniformity in case law, the Court **DENIES** Defendant's motion to dismiss Plaintiff's unjust enrichment claim under California law.[9]

### E.     Equitable Relief

Defendant makes two distinct arguments that the equitable relief Plaintiff requests in addition to damages is inappropriate: that Plaintiff lacks standing, and that Plaintiff has an adequate remedy available at law.

#### 1.     Standing to Pursue Injunctive Relief

Defendant moves to dismiss Plaintiff's claims for injunctive relief on the grounds that Plaintiff lacks standing to pursue such relief.  Doc. No. 3-1 at 11–12.  By way of Counts 2–4 under the UCL, Count 5 under the FAL, and Count 6 under the CLRA,

---

[9] By pleading both unjust enrichment and breach of express warranty, Plaintiff effectively asks the Court to accept both sides of the debate regarding unjust enrichment under California law.  Plaintiff pleads existence of a quasi-contract through the claim of unjust enrichment, as well as the existence of a valid contract that supports a claim of breach of express warranty.  Both claims cannot simultaneously be true.  "Unjust enrichment . . . is not cognizable when there is a valid and enforceable contract between the parties."  *Becerra v. Gen. Motors LLC*, 241 F. Supp. 3d 1094, 1117 (S.D. Cal. 2017) (quoting *Cont'l Cas. Co. v. Enodis Corp.*, 417 Fed. App'x. 668, 670 (9th Cir. 2011)).  Nonetheless, "Federal Rule of Procedure 8(d) allows parties to plead claims in the alternative or in an inconsistent manner, and courts in this Circuit have allowed unjust enrichment and breach of contract claims to proceed simultaneously in one action."  *Becerra*, 241 F. Supp. 3d at 1117.

Plaintiff seeks an order enjoining Defendant from engaging in alleged deceptive labelling practices. Compl. ¶¶ 65 at 16, 73, 80, 57 at 20. Prospective injunctive relief requires a plaintiff to show a threat of future injury that is "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "[A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (quoting *Summers*, 555 U.S. at 493). To establish standing for injunctive relief, the previously deceived consumer must sufficiently allege "an imminent or actual threat of future harm caused by [the] allegedly false advertising," such as a desire to purchase the product again in the future. *Id.* at 970. "In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969–70. "In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 970.

In the present case, Plaintiff has not alleged that he seeks to purchase the Products again in the future. *See* Compl. Plaintiff makes only one mention of his future plans, wherein he says he "may wish to rely on Defendant's label representations and purchase the Products in the future, but cannot currently do so." *Id.* ¶ 70 at 14. Plaintiff's future harm is therefore "conjectural or hypothetical" and not "actual and imminent." *Summers*, 555 U.S. at 493. Plaintiff relies on *Davidson*, and is correct that the Ninth Circuit has held that a previously deceived consumer may have standing to seek an injunction against false advertising or labelling. However Plaintiff ignores the second part of the analysis in *Davidson*, wherein the Ninth Circuit explained that consumers must still plausibly allege

an actual threat of future harm. *See Davidson*, 889 F.3d at 970–71. In *Davidson* the plaintiff adequately alleged her desire to purchase the products again. *See id*. Plaintiff has not done so here, and as such *Davison* is distinguishable. *See* Compl. Therefore, the Court finds that Plaintiff lacks standing to pursue injunctive relief. *See, e.g.*, *Davidson*, 889 F.3d at 969; *Brand v. KSF Acquisition Corp.*, No. 22-cv-392-LAB, 2023 WL 3225409, at *3 (S.D. Cal. Mar. 17, 2023); *Scheibe*, 2023 WL 3829694, at *4.

    2.    *Claims for Equitable Relief*

In connection with Claims 2–5, Plaintiff requests "all other relief allowable." Compl. ¶¶ 50 at 15–80. Defendant moves to dismiss Plaintiff's claims to the extent he seeks equitable relief, arguing that Plaintiff fails to allege inadequacy of legal remedies. Doc. No. 3-1 at 9–11. In doing so, Defendant relies on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842–44 (9th Cir. 2020). *See* Doc. No. 3-1 at 9–11.

"[E]quitable relief is not appropriate where an adequate remedy exists at law." *Schroeder v. U.S.*, 569 F.3d 956, 963 (9th Cir. 2009). A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Sonner* 971 F.3d at 844. Courts have extended this requirement to FAL claims as well. *See Robie v. Trader Joe's Co.*, No. 20-cv-7355-JSW, 2021 WL 2548960, at *6 (N.D. Cal. June 14, 2021). A plaintiff may plead claims for equitable relief in the alternative at the pleading stage. *See Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 976 (N.D. Cal. 2022). However, the "plaintiff must, at a minimum, *plead* that [ ]he lacks adequate remedies at law if [ ]he seeks equitable relief." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) (emphasis in original).

Plaintiff argues that "claims for restitution are explicitly pleaded in the alternative," and that "such alternative pleading is permitted under California and federal law." Doc. No. 5 at 9–10. Plaintiff contends that "even after *Sonner*, courts permit alternative pleading of an equitable remedy such as restitution in UCL and FAL cases, in the event discovery reveals that a plaintiff lacks an adequate remedy at law." *Id.* at 10.

Plaintiff is correct in principle, however, as with his argument for injunctive relief, he misses the second piece of the analysis. Plaintiff fails to plead or otherwise explain how he lacks an adequate remedy at law. *See* Compl. Accordingly, to the extent Plaintiff seeks equitable relief, his claims are subject to dismissal because he fails to plead that an adequate remedy at law is unavailable. *See, e.g., Sonner*, 971 F.3d at 844; *Freund v. HP, Inc.*, No. 22-cv-03794-BLF, 2023 WL 187506, at *6 (N.D. Cal. Jan. 13, 2023) (granting motion to dismiss claims for equitable relief because plaintiffs failed to plead a lack of an adequate remedy at law); *Scheibe*, 2023 WL 3829694 at *5 (same).

Based upon the foregoing, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's request for equitable relief, including injunctive relief.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's motion to dismiss. In particular, the Court **DISMISSES** Plaintiff's first cause of action, for violation of the MCPA, and seventh cause of action, for unjust enrichment.[10] The Court **DISMISSES** all of Plaintiff's claims to the extent they are premised upon the malic acid naming convention theory. The Court further **DISMISSES** Plaintiff's request for injunctive and equitable relief. Dismissal is with leave to amend to the extent Plaintiff can cure the above-noted deficiencies consistent with this Order. The Court **DENIES** the remainder of Defendant's motion. If Plaintiff wishes to file a First Amended Complaint, he must do so on or before **July 28, 2023**. Defendant must then respond within the time prescribed by Rule 15.

**IT IS SO ORDERED**.

Dated: July 7, 2023

HON. MICHAEL M. ANELLO
United States District Judge

---

[10] While Defendant does not substantively argue for dismissal of Plaintiff's eighth claim, for breach of express warranty, the Court notes that Count 8 fails for the same reasons Plaintiff's seventh claim fails.