# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCHEIBE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LIVWELL PRODUCTS, LLC d/b/a Adapted Nutrition, *a Maryland limited liability company*,<br><br>Defendant. | Case No. 23-cv-216-MMA-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 10] |

On February 6, 2023, Jacob Scheibe ("Plaintiff"), on behalf of himself and all others similarly situated, filed a putative class action Complaint against Defendant Livwell Products, LLC d/b/a Adapted Nutrition ("Defendant"). Doc. No. 1 ("Compl."). On March 6, 2023, Plaintiff filed a First Amended Complaint. Doc. No. 9 ("FAC"). Defendant now moves to dismiss Plaintiff's request for equitable relief. Doc. No. 10. Plaintiff filed an opposition, to which Defendant replied. Doc. Nos. 11, 12. The Court found the matter suitable for determination on the papers and without oral argument

pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 13. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

## I. BACKGROUND[1]

The factual allegations as initially alleged in the Complaint remain largely unchanged. Defendant sells and manufactures a dietary supplement called Keto K1000 powder, which comes in a variety of flavors (the "Products"). FAC. ¶ 20. On October 18, 2022, Plaintiff purchased the Products' watermelon, orange, lemonade, and raspberry flavors from Amazon.com. *Id.* ¶ 18. The front label of the Products state that they contain "Nothing Artificial." *Id.* ¶ 22. According to Plaintiff, he carefully reviews dietary supplement labels, including the Products' label, because he prefers to consume only products that contain all-natural ingredients and flavorings. *Id.* ¶ 19. However, Plaintiff alleges that the Products' labelling claim is false because the Products are flavored using an artificial flavoring agent, DL malic acid. *Id.* ¶ 24. Plaintiff contends that he would not have purchased the Products, or would have paid a substantially reduced price, had he known that the "Nothing Artificial" representation was false. *Id.* ¶ 49.

Plaintiff originally pleaded eight claims: (1) violation of Maryland's Consumer Protection Act ("MCPA"), Md. Code Com. Law § 13-101 *et seq.*; (2–4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (6) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (7) unjust enrichment; and (8) breach of express warranty. Compl. ¶¶ 49 at 14–70 at 22.

---

[1] Reviewing Defendant's motion to dismiss, the Court accepts as true all facts alleged in the Complaint and construes them in the light most favorable to Plaintiff. *See Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017).

1    In ruling on Defendant's motion to dismiss the Complaint, the Court dismissed
2 Plaintiff's MCPA and unjust enrichment claims, as well as his request for equitable relief.
3 *See* Doc. No. 8 at 17. Additionally, the Court dismissed all of Plaintiff's claims to the
4 extent they were premised upon the DL malic acid naming theory. *See id.*
5    By way of his First Amended Complaint, Plaintiff asserts three causes of action:
6 (1) violation of the CLRA; (2) unjust enrichment; and (3) breach of express warranty. He
7 also reasserts his request for equitable relief.

## II. LEGAL STANDARD

9    "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to
10 state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"
11 *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting
12 *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for
13 failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is
14 a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a
15 cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901
16 F.2d 696, 699 (9th Cir. 1988)).

17    "To survive a motion to dismiss, a complaint must contain sufficient factual
18 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*
19 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff
20 pleads factual content that allows the court to draw the reasonable inference that the
21 defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).
22 "[W]here the well-pleaded facts do not permit the court to infer more than the mere
23 possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the
24 pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R.
25 Civ. P. 8(a)(2)).

26    "If a complaint is dismissed for failure to state a claim, leave to amend should be
27 granted 'unless the court determines that the allegation of other facts consistent with the
28 challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight*

*Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

### III. DISCUSSION

Defendant's motion to dismiss solely challenges Plaintiff's reassertion of equitable relief as a remedy for his claims.  In connection with his CLRA claim, Plaintiff seeks "injunctive relief, disgorgement, and restitution," *see* FAC ¶ 77, in addition to monetary damages, *see id.* ¶ 79.  Plaintiff also seeks disgorgement and restitution in connection with his unjust enrichment claim.  *See id.* ¶ 87.  There is no specific demand for relief identified underneath Plaintiff's claim for breach of express warranty.  *Se id.* at 17–18.  But generally speaking, Plaintiff prays for an order and judgment:

> a. Certifying the Class;
> b. Declaring that Defendant violated the CLRA;
> c. Awarding actual and other damages as permitted by law, and/or ordering an accounting by Defendant for any and all profits derived by Defendant from the unlawful, unfair, and/or fraudulent conduct and/or business practices alleged herein;
> d. Ordering an awarding of injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;
> e. Ordering Defendant to pay reasonable attorneys' fees and litigation costs to Plaintiff;
> f. Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and
> g. Such other relief as the Court may deem just and proper.

*Id.* at 18.

In its Order on Defendant's motion to dismiss the Complaint, the Court dismissed Plaintiff's request for equitable relief for failure to plead that he lacks an adequate remedy at law.  Doc. No. 8 at 17.  The Court also found that Plaintiff's request for

injunctive relief was subject to dismissal on the independent ground that he failed to plead an actual threat of future harm. *Id.* at 16. According to Plaintiff's opposition, he intended "to withdraw all equitable claims in his First Amended Complaint" and the retention was merely a clerical error. Doc. No. 11 at 2. Notwithstanding this concession, Plaintiff substantively opposes Defendant's motion as it relates to his standing to pursue injunctive relief. *See id.* at 3–5.

The Court was clear that dismissal of Plaintiff's claims for equitable relief "includ[es] injunctive relief." Doc. No. 8 at 17. For the sake of clarity, the Court elaborates that "federal courts sitting in diversity may exercise equitable jurisdiction only to the extent federal equitable principles allow them to do so." *Guzman v. Polaris Indus.*, 49 F.4th 1308, 1315 (9th Cir. 2022). "In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Id.* at 1313; *see also Schroeder v. U.S.*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law."). As one district court explained:

> Applying federal equitable principles even to state-law claims, the Ninth Circuit explained, has long been federal practice. *Sonner*, 971 F.3d at 839. It wrote that "[i]t has been a fundamental principle for well over a century that state law cannot expand or limit a federal court's equitable authority." *Id.* at 841 (citing *Payne*, 74 U.S. (7 Wall.) at 430). State law, therefore, "can neither broaden nor restrain a federal court's power to issue equitable relief." *Id.*

*Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021).

In *Sonner v. Premier Nutrition Corp.*, the Ninth Circuit held in no uncertain terms that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the [ ] CLRA." 971 F.3d 834, 844 (9th Cir. 2020). The court in *Sonner* relied on the Supreme Court's decision in in *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945), which did not draw any distinction among the various forms of equitable relief. As a result, district courts have not limited *Sonner*

to restitution but rather have held that the inadequate remedy at law requirement applies to all forms of equitable relief, including injunctive relief. *See Shay v. Apple Inc.*, No. 20cv1629-GPC(BLM), 2021 U.S. Dist. LEXIS 84415, at *7 (S.D. Cal. May 3, 2021) (collecting cases). Additionally, district courts routinely apply *Sonner*'s instruction to claims for equitable relief in connection with an unjust enrichment claim. *See, e.g.*, *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021); *see also Scheibe v. Performance Enhancing Supplements, Ltd. Liab. Co.*, No. 3:23-cv-00219-H-DDL, 2023 U.S. Dist. LEXIS 148773, at *13 (S.D. Cal. Aug. 23, 2023). Therefore, *Sonner* applies to all of the forms of equitable relief Plaintiff's seeks.

A review of the FAC reveals that Plaintiff has made no attempt to include allegations that he lacks an adequate remedy at law. Guided by Plaintiff's opposition, it is apparent that this was because Plaintiff has abandoned his equitable relief claims. What is not apparent, however, is whether Plaintiff understands this encompasses his request for injunctive relief. In any event, it does. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982) ("It goes without saying that an injunction is an equitable remedy."). Even if the Court were inclined to assign any misunderstanding to a lack of specificity in the prior Order, Plaintiff was advised in advance of filing an opposition, and therefore prior to abandoning these remedies, that equitable relief includes injunctions and that the latter is subject to the inadequate remedy at law requirement. *See Scheibe*, 2023 U.S. Dist. LEXIS 148773, at *12.

As discussed in the prior Order, in order to pursue equitable relief Plaintiff must plead that he lacks an adequate remedy at law. He fails to do so here. The Court previously granted leave to amend to cure this defect and Plaintiff has not done so but has instead voluntarily dismissed his requests for equitable relief. The Court therefore **DISMISSES** Plaintiff's requests for equitable relief—including restitution, disgorgement, and injunctive relief—**without leave to amend**.

Additionally, because Plaintiff only seeks equitable relief as a remedy for his unjust enrichment claim, regardless of whether Plaintiff may pursue this claim in the

alternative, his failure to plead he lacks an adequate remedy at law renders this claim subject to dismissal. *See Helems v. Game Time Supplements, LLC*, No. 3:22-cv-01122-L-AHG, 2023 U.S. Dist. LEXIS 163814, at *16 (S.D. Cal. Sep. 14, 2023) (dismissing claim for unjust enrichment because the plaintiff "has not alleged that his legal remedies are inadequate, therefore, Plaintiff cannot pursue an equitable claim"). Moreover, as all three of Plaintiff's claims are premised upon the same, singular harm, it is clear on these facts that Plaintiff has an adequate remedy available: damages under the CLRA. As such, amendment would be futile. Accordingly, the Court **DISMISSES** Plaintiff's claim for unjust enrichment **without leave to amend**.

Because the Court finds that Plaintiff fails to plead that no adequate remedy exists at law, it is unnecessary to consider whether Plaintiff has adequately pleaded a threat of future harm to pursue an injunction as a form of equitable relief. For this reason, Plaintiff's notice of supplemental authority, *see* Doc. No. 14, does not change the outcome.

## IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS** Defendant's motion to dismiss. The Court **DISMISSES** Plaintiff's request for equitable relief and **DISMISSES** Plaintiff's unjust enrichment claim **without leave to amend**. The Court **DIRECTS** Defendant to file an answer to the FAC, responding to Plaintiff's CLRA (Claim 1) and breach of express warranty (Claim 3) causes of action within **twenty-one (21) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated: October 16, 2023

HON. MICHAEL M. ANELLO
United States District Judge